| | | |
|---|---|---|
| **SUMMER DANIELLE LYONS,** | ) | |
| *individually and on behalf of E.R.L., a* | ) | |
| *minor,* | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 3:26-cv-00423** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **JOHN E. EVANS, ESQ.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION & ORDER

Summer Danielle Lyons, a resident of Minneapolis, Minnesota, brings this pro se action under 42 U.S.C. § 1983, alleging violations of her civil rights, as well as state law claims. (Doc. No. 1.) Lyons also filed an Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Doc. No. 2), as well as an Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. No. 3.)

### I. FILING FEE

The Court may authorize a person to file a civil suit without paying the filing fee. 28 U.S.C. § 1915(a). Section 1915 is intended to insure that indigent persons have equal access to the judicial system by allowing them to proceed without having to advance the fees and costs associated with litigation. Neitzke v. Williams, 490 U.S. 319, 324 (1989); Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948). Pauper status does not require absolute destitution. Adkins, 335 U.S. at 339; Foster v. Cuyahoga Dep't of Health and Human Servs., 21 F. App'x 239, 240 (6th Cir. 2001). Rather, the relevant question is "whether the court costs can be paid without undue hardship." Foster, 21 F. App'x at 240. Proceeding in forma pauperis is a privilege, not a right, and

1

"[t]he decision whether to permit a litigant to proceed [in forma pauperis] is within the Court's discretion." Id.

Lyons reports a monthly income of $750.00 from employment (Doc. No. 2 at 1-2), having $0.00 in cash and $0.00 in her checking account (id. at 2), and $1,490.00 in monthly expenses (id. at 4-5.) Because Lyon's IFP Application reflects that she lacks sufficient financial resources to pay the full filing fee without undue hardship, the IFP Application (Doc. No. 2) is **GRANTED**. The Clerk therefore is **DIRECTED** to file the Complaint (Doc. No. 1) in forma pauperis. 28 U.S.C. § 1915(a).

## II. INITIAL REVIEW

A. <u>LEGAL STANDARD</u>

The Court must conduct an initial review and dismiss the Complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); <u>see</u> <u>also</u> <u>Ongori v. Hawkins</u>, No. 16-2781, 2017 WL 6759020, at *1 (6th Cir. 2017) ("[N]on-prisoners proceeding in forma pauperis are still subject to the screening requirements of § 1915(e)."). Review for whether a complaint states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). <u>Hill v. Lappin</u>, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)). Although pro se pleadings must be liberally construed, <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007), the plaintiff must still "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," <u>Iqbal</u>, 556 U.S. at 678, upon

"view[ing] the complaint in the light most favorable to the plaintiff[.]" <u>Tackett v. M & G Polymers,</u>

<u>USA, LLC</u>, 561 F.3d 478, 488 (6th Cir. 2009).

B. <u>ALLEGED FACTS</u>

The facts alleged in the Complaint are assumed true for purposes of the required screening of the in forma pauperis Complaint.

Lyons' factual allegations arise from an underlying state court action in which her child was removed from her custody. Lyons refers to these proceedings as "dependency proceedings. (<u>Id.</u> at 4-5.)

The Tennessee Department of Children's Services ("DCS") previously investigated allegations against Lyons concerning her child. (<u>Id.</u> at 3.) DCS closed the investigation, according to Lyons, "without removing the child and without initiating dependency proceedings against [Lyons]," and no new child-safety event occurred following. (<u>Id.</u> at 4.)

As best the Court can discern, dependency proceedings were later initiated. (<u>See id.</u>) Lyons alleges there was a predetermined narrative prior to the dependency proceedings that she would lose custody of her child or face arrest, Lyons also believes that predisposition fueled the subsequent dependency proceedings against her rather than a new investigation or newly discovered safety concerns. (<u>Id.</u>)

The Complaint alleges claims against John E. Evans, the attorney and guardian ad litem ("GAL") for Lyons' child in the state court proceedings. According to Plaintiff, Evans never conducted an independent investigation in relation to the dependency proceedings, he did not meaningfully evaluate the child's current environment before opining on custody of the child, and he had not yet conducted the "child-centered inquiry he later purported to rely upon in influencing proceedings concerning the child." (<u>Id.</u>) Evans relied upon information given by Stephen Gavin

3

who, according to Lyons, has engaged in coercion, manipulation, and interference with witness testimony. (Id. at 5.) Evans also relied upon an invalid Rule 35 forensic evaluation performed by Dr. Charles Ihrig. (Id.) Lyons argues that Evans should have independently verified the information he relied upon from Stephen Gavin and Dr. Charles Ihrig, but he did not. (Id.)

Evans attempted to withdraw from his GAL role in the dependency proceedings due to his mother previously serving as a GAL in proceedings involving Lyons' family. (Id.) The court ordered Evans to continue in his role as a GAL. (Id.)

Evans invoked or supported the dependency proceedings despite there being no new child-safety event. (Id. at 6.) In doing so, Evans "converted a protective legal mechanism into a coercive one." (Id.)

Evans' actions continue to influence proceedings that affect the custody and welfare of Lyons' child, and those actions run the risk of exposing the child to unlawful removal or placement decisions. (Id.) Lyons continues to suffer interference with the relationship with her child and deprivations of her constitutional rights. (Id.)

C. ANALYSIS

Lyons asserts four claims against Evans: substantive due process and procedural due process claims under 42 U.S.C. § 1983 and state law claims of abuse of process and intentional infliction of emotional distress. (Doc. No. 1 at 6-8.)

42 U.S.C. § 1983 provides a cause of action against all people who, under color of state law, deprive any person of any right secured by the United States Constitution or federal law. To state a colorable Section 1983 claim, a plaintiff must allege: (1) "the deprivation of a right secured by the Constitution or laws of the United States" and (2) "the deprivation was caused by a person acting under color of state law." Tahfs v. Proctor, 316 F.3d 584, 590 (6th Cir. 2003) (quoting

Ellison v. Garbarino, 48 F.3d 192, 194 (6th Cir. 1995)). If either element is absent, the Section 1983 claim has not been properly pleaded. Kissinger v. Mahoning Cnty. Republican Party, 677 F. Supp. 3d 716, 724 (N.D. Ohio June 16, 2023) (citing Lausin v. Bishko, 727 F. Supp. 2d 610, 625 (N.D. Ohio July 15, 2010)).

A guardian ad litem – someone appointed by a court to represent another individual – is not a state actor, although appointed by a court, because he represents the individual's best interests, not the state's best interests. Bracey v. Barbour, No. 3:12-cv-629, 2012 WL 2395171, at *8 (M.D. Tenn. June 25, 2012) (citing Long v. Pend Oreille Cnty. Sheriff's Dep't, 385 F. App'x 641, 642 (9th Cir. 2010) (holding that a guardian ad litem was not a state actor for the purposes of Section 1983)) (collecting cases). The sole defendant in this case is not a state actor under 42 U.S.C. § 1983. Lyons' 42 U.S.C. § 1983 claims against Evans fail and will therefore be dismissed with prejudice.

Finally, with respect to Lyons' state law claims of abuse of process and intentional infliction of emotional distress, 28 U.S.C. § 1367(a) provides that:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . .

Id. The district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it ha[d] original jurisdiction . . . ." Id. at § (c)(3).

Having dismissed Lyons' federal claims, the Court declines to exercise supplemental jurisdiction to hear any state law claims set forth in the Complaint. As such, any state law claims asserted in the Complaint will be dismissed without prejudice, to be filed, if Lyons chooses, in a Tennessee state court.

### III. CONCLUSION

Lyons' 42 U.S.C. § 1983 claims are **DISMISSED WITH PREJUDICE**.

Lyons' state law claims are **DISMISSED WITHOUT PREJUDICE**, to be filed in a Tennessee state court if Lyons so chooses.

For the aforementioned reasons, this case is **DISMISSED**.

Lyons' Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. No. 3) is **DENIED AS MOOT**.

Because an appeal would not be taken in good faith, Lyons is not certified to pursue an appeal from this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE

6